IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JENNIFER ENOCHS                                                        PLAINTIFF

v.                                          CIVIL ACTION NO. 1:25-cv-00201-GHD-DAS

STATE FARM FIRE & CASUALTY COMPANY                                     DEFENDANT

## OPINION

Presently before the Court is the Plaintiff's motion to remand this removed case to state court [7]. Upon due consideration, the Court finds the motion should be granted.

### A.        *Factual and Procedural Background*

The Plaintiff filed her Complaint in this matter in the Circuit Court of Lee County, Mississippi, against the Defendant State Farm Fire & Casualty Company on November 14, 2025 [Doc. 2; Lee County Circuit Court Case No. CV25-094(W)L]. In her Complaint, the Plaintiff alleges the homeowner's insurance policy she purchased from the Defendant covers the loss the Plaintiff allegedly suffered after a severe storm hit Lee County in June 2024, causing wind and hail damage to the Plaintiff's home [2]. The Plaintiff asserts claims for breach of contract, negligence and gross negligence, and bad faith against the Defendant, alleging the Defendant has wrongfully failed to fully compensate the Plaintiff for the covered damages to her home [2]. In the Complaint, the Plaintiff does not request a specific amount of damages [2, at p. 9].

The Defendant filed a notice of removal [1], removing the case to this Court based on diversity jurisdiction. The Plaintiff has now filed the pending motion to remand the case to state court [7]. As part of her motion, the Plaintiff has submitted a binding signed affidavit, attesting she is not seeking and will not seek or accept a judgment or settlement in excess of $75,000.00, and that this damages cap is irrevocable regardless of future developments in this case [7-1].

### B.     Standard of Review

Federal courts are courts of limited jurisdiction. *Epps v. Bexar–Medina–Atascosa Counties Water Improvement Dist. No. 1*, 665 F.2d 594, 595 (5th Cir. 1982).  Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).  After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).  Moreover, once a motion to remand has been filed, the removing party bears the burden to establish that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

### C.     Discussion

In the case *sub judice*, it is undisputed the first prong of federal diversity jurisdiction, complete diversity, is satisfied, because the Plaintiff is a Mississippi resident and the Defendant is a foreign corporation with its principal place of business located in Illinois.  A question has arisen, however, regarding the second prong of federal jurisdiction - whether the amount in controversy exceeds $75,000.00.  Although the Plaintiff's Complaint did not request a specific amount in damages be awarded, the Plaintiff has now stipulated she is not seeking and will not accept a damage award or settlement in excess of $75,000.00, the federal diversity jurisdictional minimum [Doc. 7-1].

Courts generally begin the amount-in-controversy analysis by "'look[ing] only to the face of the complaint and ask[ing] whether the amount in controversy exceeds' the jurisdictional threshold." *Ervin v. Sprint Commc'ns Co.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam)

2

(quoting *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996)). "If [the Plaintiff] did demand a specific amount, '[t]he amount stated in the complaint is itself dispositive of jurisdiction if the claim is apparently made in good faith.'" *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 (5th Cir. 2014).

If the amount in controversy is ambiguous at the time of removal, however, the Court may consider a post-removal stipulation or affidavit, or other summary judgment-type evidence, to determine the amount in controversy. See *Gebbia v. Wal–Mart Stores*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of removal ... if the basis for jurisdiction is ambiguous at the time of removal."); *ANPAC v. Dow Quimica de Colombia S.A.*, 988 F.2d 559 (5th Cir. 1993) (holding when an affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider the affidavit in determining whether remand is proper); *Lafargue v. Comprehensive Health Management, Inc.*, No. CV 19-11111, 2020 WL 3832663, at *3 (E.D. La. July 8, 2020).

Here, the Plaintiff's Complaint does not request a specific amount of damages, and thus the precise amount in controversy was ambiguous at the time of removal. The Plaintiff has submitted a post-removal affidavit [7-1], however, which the Court deems binding as a total damages and value limit regarding all of the Plaintiff's pending claims, affirming she is not seeking and will not accept a damages award or settlement greater than $75,000.00. The Court deems this affidavit to be a judicial admission precluding the Plaintiff from seeking or recovering more than that amount *in toto* as to all asserted claims [7-1]. Given the Plaintiff's binding affidavit regarding damages, the Court finds it may consider the affidavit in determining the amount in controversy, and hereby finds the amount in controversy in this matter is $75,000.00 or less. Thus, the

requirements for federal diversity jurisdiction are not present. See *De Aguilar*, 47 F.3d at 1412 (Plaintiffs "who want to prevent removal must file a binding stipulation or affidavit . . ."). The Court therefore finds it is without jurisdiction to adjudicate this matter, and thus it shall remand this case to state court for adjudication.

For all of the foregoing reasons, the Court finds the amount in controversy present in the Plaintiff's state court claims and Complaint does not meet the federal diversity jurisdictional threshold; as a result, federal jurisdiction does not exist in this case and the case must be remanded to state court.

### D.    Conclusion

In sum, Plaintiff's motion to remand to state court [7] shall be granted because diversity jurisdiction is not present; this case shall therefore be remanded to the Circuit Court of Lee County, Mississippi.

An order in accordance with this opinion shall issue this day.

THIS, the 30ᵗʰ day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE